IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-520-FL

| | | |
|---|---|---|
| ANDREW ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ATLAS BOXING AND CRATING and | ) | |
| ALL IN ONE STAFFING, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) and (6) (DE 39, 44). The motions have been briefed, and the issues raised are ripe for ruling. For the following reasons, the motions are denied.

## STATEMENT OF THE CASE

Plaintiff moved for leave to proceed in forma pauperis in this employment discrimination action on November 1, 2018, relying upon a proposed complaint, exhibits, and summons. Following recommendation by magistrate judge to deny the motion for leave to proceed in forma pauperis, plaintiff sought an extension of time to December 13, 2018, to pay the filing fee. On its own initiative, on November 29, 2018, the court consolidated the instant action with case No. 5:18-CV-521-FL, and directed plaintiff to pay a single filing fee for the consolidated case by December 13, 2018. Plaintiff paid the filing fee as directed, and, on December 17, 2018, the court directed the clerk to file the complaint, exhibits, and proposed summonses attached to plaintiff's motion for leave to proceed in forma pauperis.

In his complaint, plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against defendants who are asserted to be plaintiff's former employers, based upon wrongful termination due to race. Plaintiff attaches copies of his Equal Employment Opportunity Commission (EEOC) notices of right to sue (hereinafter, "EEOC notice" or "EEOC notices"). Plaintiff seeks a trial by jury.

Upon initial motions to dismiss by defendants including for insufficient service, the court on April 4, 2019, allowed plaintiff an extension of time in which to serve defendants. After plaintiff failed to file proof of service within that time, the court directed plaintiff to file proof of service, with additional extension to June 28, 2019.

In the meantime, on June 11, 2019, defendant All in One Staffing ("All in One") filed the instant motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). Plaintiff responded in opposition to the motion on June 17, 2019, relying upon a United States Postal Service tracking report.

Defendant Atlas Box and Crating ("Atlas Box") filed the instant motion to dismiss on July 3, 2019, for failure to state a claim and for insufficient process, pursuant to Rule 12(b)(4) and (6). In support of the motion, defendant Atlas Box relies upon the following documents attached to its motion to dismiss: 1) a copy of the summons sent to it, 2) plaintiff's request for reconsideration of the EEOC notices, and 3) a response by EEOC to plaintiff's request for reconsideration. Plaintiff responded in opposition to the motion on July 15, 2019.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff was employed by defendants, who are alleged to be a temporary staffing agency and its client, from December 12, 2017, to March 2, 2018. (Compl. (DE 13) at 3, 9). According to plaintiff:

> Sometime in February 2018, Johnny LNU (Hispanic), Manager with [defendant Atlas Boxing] called me into his office for an evaluation stating that I did not know how to use the computer. I explained to Johnny that Derrick (Black), Supervisor with [defendant Atlas Boxing] had not trained me on the use [of] the computer. Johnny said that he would figure out what to do upon his return from vacation. Upon Johnny[']s return from vacation, a week and half or so later, I could hear him, in the [span] of two days, use the word nigger three separate times on the floor; I believe the slur was directed at me. On March 2, 2018, Derrick told me that I did not have to work the following day. On March 3, 2018, Rhonda LNU (White), Staffing Specialist [with defendant All-in-One], called me and said that [defendant Atlas Boxing] did not want me to return to my assignment because I did not know how to use the computer. [Defendant All-in-One] has not assigned [plaintiff] any work at any of its other clients.

(Compl. Ex. (DE 13-3) at 1).[1] The EEOC mailed the EEOC notices on August 3, 2018. Plaintiff alleges that he received the EEOC notices on August 23, 2018.

## COURT'S DISCUSSION

A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

---

[1] Because this document "is integral to and explicitly relied on in the complaint," and its authenticity is not challenged by plaintiff, the court considers it in considering the instant motion to dismiss. Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015).

In addition, Rule 12(b)(4) provides for dismissal due to "insufficient process." Fed. R. Civ. P. 12(b)(4). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). "But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id.

B.     Analysis

1.     Time bar

Defendants argue that plaintiff's action must be dismissed as time barred. Title VII provides a time limit for suits brought by persons aggrieved by discriminatory adverse employment actions: "within ninety days after the giving of [notice of rights to sue,] a civil action may be brought against the respondent" named in an EEOC charge. 42 U.S.C. § 2000e-5(f)(1).

A claim is time barred if it is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95. Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393); see Irwin, 498 U.S. at 95-96.

In this case, plaintiff alleges that he received the EEOC notices on August 23, 2018. (Compl. (DE 13) at 5, 11). Thus, the deadline to commence an action based thereon was November 21, 2018. Plaintiff, however, did not pay his filing fee until December 13, 2018, and the court directed the clerk to file plaintiff's complaint on December 17, 2018. Accordingly, this action was commenced by filing of the complaint several weeks out of time.

4

Nevertheless, "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, this court has recognized previously that the filing period properly is tolled during the pendency of an in forma pauperis motion prior to denial of any such motion. See Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019) (citing Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994)).

Here, applying this rule of equitable tolling, plaintiff filed his motion for leave to proceed in forma pauperis on November 1, 2018, and the court implicitly denied the motion on November 29, 2018, by ordering plaintiff to pay the filing fee on or before December 13, 2018. Thus, based upon this court's precedent, the court must toll the filing period from November 1, 2018, to December 3, 2018 (allowing for three days receipt of the order).[2] With such tolling, the limitations period ran for 69 days to October 31, 2018, and then started running again on December 4, 2018, and reached 90 days on December 24, 2019. Because plaintiff paid his filing fee on December 13, 2018, and the court directed the clerk to file the complaint on December 17, 2018, plaintiff's complaint timely was filed, taking into account this tolling.

Defendant Atlas Box advances three arguments in favor of an earlier expiration of the 90 day filing period. First, defendant Atlas Box urges the court to refrain from adopting the equitable tolling rule recognized by this court in Lassiter, where the Fourth Circuit has not adopted or applied such a rule in the context of the filing of an in forma pauperis application. As noted in Lassiter,

---

[2] The court expresses no opinion herein on whether tolling may apply also for the time period after entry and mailing of the court's November 29, 2018, order, where this determination is not necessary for ruling on the instant motions.

however, three circuit courts of appeals have adopted this equitable tolling rule, and defendant Atlas Box does not address in any respect the reasoning of those courts in adopting the rule. Nor does it cite any case law to the contrary. Therefore, on the present record, the court adheres to the rule in Lassiter, although the court recognizes that Lassiter is not binding authority on this court.

Second, defendant Atlas Box argues that the court should "presume[]" plaintiff received the EEOC notices on August 8, 2018, three business days after the date of mailing stated in the EEOC notices. (Mem. (DE 45) at 4). Cases upon which defendant relies for this argument, however, do not address circumstances, as here, where plaintiff expressly alleges a different date of receipt in the complaint and the issue is presented upon a motion to dismiss. See Harvey, 813 F.2d at 654 (examining facts bearing upon plaintiff's knowledge of EEOC notices, upon summary judgment record); Blair v. Truluck Enterprises, Inc., No. CIVA609-1936HFF-WMC, 2009 WL 4328697, at *2 (D.S.C. Nov. 30, 2009) (not discussing any allegations of receipt date in complaint); Miller v. Bristol Compressors, Inc., No. 1:05CV00083, 2005 WL 3263053, at *3 (W.D. Va. Dec. 2, 2005) (presumptive three-day receipt date same as date of receipt alleged in complaint).

Third, defendant Atlas Box urges the court to take "judicial notice" of plaintiff's August 12, 2018, request for reconsideration of the EEOC notices, and response by the EEOC to plaintiff's request for reconsideration, which defendant contends demonstrate that plaintiff must have received actual notice of the EEOC notices on August 8, 2012. (Mem. (DE 45) at 2-3 n. 1; Ex. B (DE 45-2); Ex. C (DE 45-3)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(c). In that event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

"Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is 'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge the document's authenticity.'" Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)).

The Fourth Circuit has "recognized a narrow exception to this standard, under which courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." Id. at 607. "Under Federal Rule of Evidence 201 courts at any stage of a proceeding may 'judicially notice a fact that is not subject to reasonable dispute,' provided that the fact is 'generally known within the court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Id. (quoting Fed. R. Evid. 201(b)). "Nevertheless, when a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." Id. "Moreover, the determination whether a fact properly is considered under this exception depends on the manner in which a court uses this information." Id.

Thus, availability of a document as a public filing or record is not determinative on whether the court should consider it or its contents as an undisputed fact for purposes of a motion to dismiss. See id.; see, e.g., Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (holding that district court erred in considering statements made in public hearing, "impermissibly reaching outside the pleadings to make findings of fact"); Humane Soc'y of the United States v. Hanor Co. of Wisconsin, LLC, No. 4:15-CV-109-FL, 2016 WL 3435192, at *3–4 (E.D.N.C. June 17, 2016) (declining to consider on motion to dismiss through judicial notice multiple documents

"originat[ing] from a government entity"); cf. Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of specific facts on voting-age statistics, which facts were publicly disseminated by the Virginia Division of Legislative Services website, and which the court referred to as "items of public record").

Here, the documents attached as exhibits B and C to defendant Atlas Boxing's motions to dismiss are not "integral to and explicitly relied on in the complaint," Zak, 780 F.3d at 606. In addition, where they appear to constitute correspondence between plaintiff and the EEOC, it is not apparent that the documents constitute "facts from the public record." Id. at 607. Further, at this juncture, the court must construe the date of receipt, as alleged by plaintiff in the complaint, in the light most favorable to plaintiff. Id. While the court does not foreclose consideration of these documents at a later juncture, the court does not consider them in this instance in ruling on the motion to dismiss.

In sum, defendants' motion to dismiss based upon time bar must be denied.

2. Insufficient Process

Defendant Atlas Boxing argues that process is insufficient in this case because the summons it received "appears to be the same summons issued and signed by a clerk of court on December 17, 2018," with the exception of changes made to correct defendant Atlas Boxing's legal name and addition of "Attention Mr. Ricky Phillips." (Mem. (DE 45) at 4). Thus, according to defendant "it does not appear that Plaintiff followed the Court's direct order to present an amended summons to the clerk." Id.

Under Rule 4, a summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

8

(C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1). In addition, "[t]he court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2). The summons attached to defendant's motion contains these requisite items. (See DE 45-1 at 2). Therefore, dismissal for insufficient process is not warranted.

Defendant Atlas Boxing suggests, nonetheless, that dismissal is warranted because plaintiff did not comply with the court's order allowing plaintiff to "present an amended summons to the clerk for issuance in order to correct prior deficiencies." (Order, May 24, 2019 at 1). Failure to comply with the court's order, however, is a deficiency separate from insufficient process. To the extent defendant suggests plaintiff should be sanctioned for failing to comply with the court's order, the court declines to do so in these circumstances. The order, in this instance, did not require plaintiff to present an amended summons to the clerk for issuance, but rather allowed him to do so. In light of plaintiff's pro se status and the court's allowance for plaintiff to amend the original summons, sanctions are not warranted.

In sum, defendant Atlas Boxing's motion to dismiss for insufficient process is denied.

3.  Defendant All in One

Defendant All in One seeks dismissal of plaintiff's action against it on the basis that, under North Carolina law, "an employee without a definite term of employment is an employee at will and may be discharged without reason." Coman v. Thomas Mfg. Co., 325 N.C. 172, 175 (1989). Plaintiff, however, does not assert a wrongful termination claim under North Carolina law, and the

court does not construe plaintiff's complaint to assert such a claim. Rather, plaintiff asserts a claim under Title VII for wrongful termination due to race. (See Compl. (DE 13) at 8; Compl. Ex. (DE 13-3) at 1). Accordingly, where defendant All in One's motion to dismiss does not address plaintiff's claim under Title VII, the motion must be denied.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 39, 44) are DENIED. An initial order regarding planning and scheduling will follow.

SO ORDERED, this the 2nd day of December, 2019.

                                              LOUISE W. FLANAGAN
                                              United States District Judge