IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.5:18-CV-520-FL

| | |
|---|---|
| ANDREW ALLEN, <br> Plaintiff <br> <br> vs <br> <br> ATLAS BOX AND CRATING CO., <br> INC., and <br> ALL-IN-ONE STAFFING, LLC <br> Defendant, | **PLAINTIFF ANDREW ALLEN RESPONSE TO DEFENDANT ATLAS BOX AND CRATING CO., INC. LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE** |

**NOW COMES** Plaintiff Andrew Allen, *pro se* by and through the undersign counsel, and pursuant to Local Rule 56.1(a)(1), respectfully submits this *Local Civil Rule 56.1 Statement of Material Facts to Which There is No Genuine Dispute* ("Statement of Material Facts") in support of Plaintiff Andrew Allen, *pro se* Motion for Summary Judgment.

### STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE

1. **On June 4, 2018, Plaintiff Andrew Allen, *pro se* filed a Charge of Discrimination(Charge No:433-2018-02411)** with the Equal Employment Security Commission ("EEOC") against Defendant Atlas Box And Crating CO.,INC under Title VII of the Civil Rights of 1964, Defendant violated Title VII of the Civil Rights Act of 1964 during Plaintiff employment. **(DE # 58-1)**

2. On August 3, 2018 EEOC mail a Right to Sue Letter to Plaintiff, a Right to Sue Defendant Atlas Box And Crating CO., INC. within 90 day of receipt of the Letter. **(DE # 13-2)**

3. On August 8, 2018 Plaintiff received the Right to Sue Atlas Box And Crating CO., INC Letter from EEOC. Plaintiff was not satisfied with EEOC findings. **(Exhibit B, Plaintiff Depo Trans p. 22**

4. On August 12, 2018 Plaintiff wrote an appeal to EEOC, Plaintiff was not satisfied with EEOC Finding, Plaintiff also requested a copy of the Right to Sue Letter pertaining to the Defendant – All-In-One Staffing, LLC Charges that he had filed with the EEOC. Plaintiff received the Right to

Sue All-In-One Staffing, LLC Letter from EEOC on August 23,2018, the Letter Mailing date was August 3, 2018. **(Exhibit B, pp. 18-21, 38-39, Exhibit 5)**

5. November 1, 2018 Plaintiff filed a complaint against Defendant All In One Staffing, LLC and Defendant Atlas Box And Crating CO., INC 90 days of the Right to Sue Letters dated August 3, 2018. **(DE #s 1,1-1)**

6. Plaintiff filed a complaint against Defendant Atlas Box And Crating CO., INC and Defendant Al In One Staffing, LLC on November 1, 2018. Plaintiff stated on his Complaint that he received the Right to Sue Letter pertaining Atlas Box And Crating CO., INC. on August 23, 2018. A Court Order Filed **December 02, 2019** by **Judge Louise W. Flanagan** proves that a correction was made. **(Exhibit C, p.2)**

7. On November 8, 2018, the Court issued a "Memorandum and Recommendation" recommending that Plaintiff IFP Application be denied. The court gave Plaintiff until November 27, 2018 to file a written Objection to the M&R. The Court granted Plaintiff an *Extension Of Time* to December 13, 2018 to pay filing fee, December 17, 2018 the Court directed the Clerk to file the Complaint. **(DE # 4)**

9  On November 27, 2018 Plaintiff file a *Motion for Extension of Time* **(DE # 5-1).** Plaintiff didn't receive the November 8, 218 **M&R** until November 15, 2018.

10  On November 29, 2018 the Court Order Plaintiff to pay filing fee **(DE # 53, p. 5)**

11  Plaintiff paid filing fee December 13, 2018, and the Court directed the Clerk to file Plaintiff Complaint on December 17, 2018.

12  On July 3, 2018 Defendant *Atlas Box And Crating CO., INC filed a Motion to Dismiss*, in which Defendant argues that Plaintiff failed to meet his 90 days Title VII deadline. **(DE # 44, 45)** Plaintiff initiated action against Defendant complaints on November 1, 2018 90 days of the date on the

Right to Sue Letter received from EEOC Dated August 3, 2018 and thinks the courts for the *Extension of Time* to pay filing fee December 13, 2018. **(DE # 44, 45)**

13  Plaintiff received a Right to Sue Letter from EEOC pertaining to charges he file against Atlas Box And Crating CO., INC on August 8, 2018, the date on the Letter was August 3, 2018. Plaintiff was not satisfied with the EEOC findings. On August 12 Plaintiff wrote an appeal to EEOC Director Thomas Colclough. Plaintiff also requested from EEOC a copy of the Right to Sue Letter pertaining to his Charges against All In One Staffing, LLC. Plaintiff received the Right to Sue Letter pertaining to Defendant All In One Staffing, LLC, the Letter was dated August 3, 2018. **(DE # 45, p. 4, fn. 2)**

14  Plaintiff made no false Statement. Plaintiff wrote that that he received the Right to Sue Letter pertaining to Atlas Box and Crating on August 23, 2018 but meant to write August 8, 2018. In the Court Order file by Judge Louise W. Flanagan December 2, 2018, the change had been made. **(DE #s 1-68).**

15  Plaintiff didn't misrepresent any dates. Defendants Attorney can see the correct dates in the Court Order filed December 2, 2019. **(DE # 53, p. 6)**

16  On December 30, 2019 the Court issued a *Case Management Order* requiring bifurcated discovery in this lawsuit. **(DE # 63)**

17  The Initial Phase of Discovery was limit to the following subjects: (1) whether Plaintiff lawsuit was timely filed under Title VII and/or and (2) whether Plaintiff had made fraudulent representation(s) to the Courts to avoid the dismissal of Plaintiff lawsuit. **(DE # 63, p. 2)**

18  On December 18, 2019 Plaintiff requested Document that was outside the Scope of Discovery, On May 2, 2020 Plaintiff Respond to Defendant Protective Order, May 3, 2020 the Courts warns Plaintiff that future conduct in violation of the Case Management Order and February 21, 2020 Protective Order may result in Sanction, including Attorney Fees. **(DE # 61, 64, 67)**

19  On May 2, Plaintiff Show Cause to Defendant February 21, 2020 Protective Order.

20  February 21, 2020, the Court grants Defendant Motion for Protective Order. **(DE # 67)**

21  On March 3, 2020, the courts warns Plaintiff that future conduct in violation of the court's case management order and February 21, 20020 Protective Order may result in sanctions, including Attorney's fees. **(Exhibit D, txt Order dated Mar. 3, 2020).**

22  On February 24, 2020 Plaintiff served Defendant Request for First Set of Interrogatories, Request for Production and Request for Admission. **(Exhibit C)(Exhibit B pp. 11-13, 18-19)** Plaintiff has no doubt that he received Right to Sue Letter pertaining to his EEOC Charges against Defendant Box on August 8, 2018. Plaintiff made a mistake on his complaint to the Court by writing August 23, 2018 but meant to write August 8, 2018, Correction were made as proven in Court Order filed December 2, 2019. **(Exhibit B, pp. 11-13, 18-19)**

23  Plaintiff initiated a Complaint against Atlas Box And Crating CO., INC. November 1, 2018 Plaintiff wrote on the Complaint that Plaintiff received the Right to Sue Letter from the EEOC August 23, 2018, Plaintiff meant to write August 8, 2018 the correct date that he received the Right to Sue Letter. A Court Order filed December 2, 2019 by Judge Louise W. Flanagan shows the correct date. **(Exhibit C p 1)**

24  Plaintiff received a Right to Sue letter from the EEOC August 8, 2018, the date on the Right to Sue Letter is August 3, 2018, Plaintiff file a Complaint in the Federal Court November 1, 2018 90 days of the date on the Letter. The Court granted Plaintiff *Extension Of Time* to pay filing fee on December 13, 2018. On December 17, 2018 the Court directed the clerk to file the Complaint. **(Exhibit C, p 2).**

25  Plaintiff received the EEOC Letter dated August to 3, 2018 on August 8, 2018, in reference to Plaintiff Charges against Atlas Box and Crating CO., INC. **(Exhibit B, pp.38-39).**

26. During Deposition on March 2, 2020 Plaintiff testified that he received the Right to Sue Letter for Alas Box and Crating CO., INC August 8, 2018. On Plaintiff Complaint that he filed November 1, 2018 he meant to write August 8, 2018 but wrote August 23, 2018. The correction was made. **(DE #1-1, p. 5 De # 13, p. 5 12)(DE # 53, p. 6-1)**

27. Defendant has not proven that Plaintiff, *pro se* has committed fraud on the court or misrepresented anything to the Court untimely. **(Exhibit C)**

28. Plaintiff Lawsuit was filed timely with the time The Courts Allowed. Plaintiff correction was corrected as shown in the Court Order filed by Louise W. Flanagan December 2, 2019, **(DE # 53, p. 6-1)**

29. Defendant Atlas Box and Crating CO., INC has not proven that Plaintiff filed a Complaint on Defendant Box And Crating CO., INC untimely and committed Fraud upon the Court.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully submits this Statement of Material Facts in support of Plaintiff Andrew Allen, *pro se* Motion for Summary Judgment in Opposition of Defendant Atlas Box And Crating CO., INC's Motion for Summary Judgment.

Respectfully submitted this the 20th day of April, 2020.

Andrew Allen
2534 Lake Wheeler Rd. Apt. 210
Raleigh, NC 27603
Telephone: (919)637-9605

*Pro Se Plaintiff*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing was served by depositing the same with the United States mail, first-class, postage prepaid, addressed as follows:


Paul S. Holscher
N.C. State Bar No: 33991
Sidney O. Minter
N.C. State Bar NO: 43073
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612

*Attorney for the Defendant Atlas Box And Crating CO., INC*


Benjamin Tyler McLawhorn
NC State Bar NO: 53821
8801 Fast Park Drive, Suite #307
Raleigh, NC 27617
Telephone: (919)364-8975
Fax: (919)646-4032

*Attorney for the Defendant All-In-One Staffing, LLC*

Andrew Allen
2534 Lake Wheeler Rd. Apt. 210
Raleigh, NC 27603

*Pro Se Plaintiff*