IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-520-FL

| | |
|---|---|
| ANDREW ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ATLAS BOX AND CRATING CO., INC., | ) |
| and ALL-IN-ONE STAFFING, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon defendants' motions for summary judgment (DE 69, 73), and plaintiff's motions for summary judgment (DE 82, 85). The motions have been briefed, and the issues raised are ripe for ruling. For the following reasons, defendants' motions are granted and plaintiff's motions are denied.

### STATEMENT OF THE CASE[1]

Plaintiff commenced this employment discrimination action by filing motions for leave to proceed in forma pauperis on November 1, 2018, in two separate cases: 1) the instant case against defendant Atlas Box and Crating Co., Inc. ("Atlas Box"), and 2) case No. 5:18-CV-521-FL, against defendant All-in-One Staffing, LLC ("All in One"). Each motion to proceed in forma pauperis relied upon a proposed complaint asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based upon wrongful termination due to race. Both proposed complaints

---

[1] Where the undisputed facts material to the instant motions are comprised largely of the procedural history of this case, the court sets forth such facts within the instant detailed statement of the case. Additional facts will be set forth in the court's analysis.

included as an attachment an Equal Employment Opportunity Commission (EEOC) notice of right to sue (hereinafter, "EEOC notice" or "EEOC notices"), dated August 3, 2018, accompanied by an identical statement of claim, alleging the following:

> I. Starting on or about March 1, 2018, I was racially harassed, and on March 3, 2018, my assignment as a Material Handler at Respondents client was terminated. I started my assignment on or about December 13, 2018. Respondent employs more than fifteen (15) persons. II. Sometime in February 2018, Johnny LNU (Hispanic), Manager with Atlas Boxing and Crating Co., Inc (ABC), Respondents client, called me into his office for an evaluation stating that I did not know how to use the computer. I explained to Johnny that Derrick (Black), Supervisor with ABC, had not trained me on the use the computer. Johnny said that he would figure out what to do with me upon his return from vacation. Upon Johnnys return from vacation, a week and half or so later, I could hear him, in the spam of two days, use the word nigger three separate times on the floor; I believe the slur was directed at me. On March 2, 2018, Derrick told me that I did not have to work the following day. On March 3, 2018, Rhonda LNU (White), Staffing Specialist, called me and said that ABC did not want me to return to my assignment because I did not know how to use the computer. Respondent has not assigned me any work at any of its other clients. III. I believe that I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Mot. for Leave (DE 1-1) at 7).[2]

---

[2] See also Mot. for Leave, in Case No. 5:18-CV-521-FL (DE 1-1) at 9 (identical statement).

Both proposed complaints included a statement that plaintiff received the EEOC notices on "August 23, 2018." (Id. at 5).[3]

The court referred both motions for leave to proceed in forma pauperis to a magistrate judge on November 2, 2018. The magistrate judge entered memoranda and recommendations (M&Rs) on November 8, 2018, determining that plaintiff had failed to demonstrate in forma pauperis status. Therefore, the M&Rs recommended that the motions for leave to proceed in forma pauperis be denied and that plaintiff be required to tender to the clerk the filing and administrative fees of $400.00. The M&Rs warned plaintiff that if he did not file objections to the M&Rs by November 27, 2018, he would be giving up the right to review of the M&Rs and the presiding district judge may enter an order or judgment based on the M&Rs without review.

Plaintiff filed two similar motions for extension of time on November 27, 2018, in the instant case and case No. 5:18-CV-521-FL, stating: "Plaintiff . . . is not disputing the ORDER, but ask and beg the courts for a little more time to comply to the payment of $400.00. Plaintiff can comply by December 13, 2018[,] [and] Plaintiff begs the courts [sic] to allow him this amount of time." (DE 5 at 1).[4] Plaintiff also stated that he received the M&Rs on November 15, 2018. (See id.).

On November 29, 2018, upon finding that the instant case and case No. 5:18-CV-521-FL, involved common questions of law and fact, the court consolidated the two cases into one case, designating the instant case as the lead. The court directed the clerk to re-file in the instant case all the filings made previously in case No. 5:18-CV-521-FL, terminate motions therein as

---

[3]   See also Mot. for Leave, in Case No. 5:18-CV-521-FL (DE 1-1) at 5 (identical statement).

[4]   See also Mot. for extension, in Case No. 5:18-CV-521-FL (DE 5) at 1 (identical statement).

duplicitous, and then close the case file in case No. 5:18-CV-521-FL. In the instant case, the court granted plaintiff's motion for extension of time to pay the filing fee, and directed plaintiff to "pay a single filing fee for the [instant case] on or before December 13, 2018." (Order (DE 6) at 2).

The court noted receipt of filing fee on $400.00, on December 13, 2018. On December 17, 2018, the court directed the clerk to file the complaint, exhibits, civil cover sheet, and proposed summonses, and to issue the summonses. Following initial motions to dismiss by defendants including for insufficient service, the court on April 4, 2019, and again on May 24, 2019, allowed plaintiff an extension of time in which to serve defendants.

Defendant All in One moved to dismiss the complaint on June 11, 2019, in pertinent part, on the basis that the action is time-barred. In the motion, defendant All in One relied upon plaintiff's allegation in the complaint that the EEOC notice was "received by [plaintiff] on August 23, 2018," and it relied upon the fact that the date of filing of the complaint, December 17, 2018, was outside the 90 day time period required to commence a Title VII action. (Mem. (DE 40) at 3).

Defendant Atlas Box moved to dismiss the complaint on July 3, 2019, also, in pertinent part on the basis that the action is time-barred. In its motion, defendant Atlas Box noted that while plaintiff claimed to have received the EEOC notices on August 23, 2018, he must have received the EEOC notices at least by August 12, 2018, when he sent a letter to EEOC requesting reconsideration. (Mem. (DE 45) at 4). In either event, defendant argued, plaintiff's action was time barred and equitable tolling should not apply. In his responses in opposition to the motions to dismiss, in pertinent part, plaintiff did not address defendant's time-bar arguments.

On December 2, 2019, the court denied defendants' motions to dismiss. See Allen v. Atlas Boxing & Crating, No. 5:18-CV-520-FL, 2019 WL 6481342, at *1 (E.D.N.C. Dec. 2, 2019)

4

("Allen I"). On the issue of time-bar, the court calculated the running of the limitations period from the alleged date of plaintiff's receipt of the EEOC notices, August 23, 2018, and applied equitable tolling during the time period that the motion for leave to proceed in forma pauperis was pending. With the benefit of such calculations, the court denied defendants' motion to dismiss on the basis of time bar. The court recognized defendant Atlas Box's argument that documents attached to its motion demonstrate that plaintiff must have actually received the EEOC notices on August 8, 2012. "While the court [did] not foreclose consideration of these documents at a later juncture, the court [did] not consider them in this instance in ruling on the motion to dismiss." Id. * 4.

Case management order entered December 30, 2019, adopted a bifurcated discovery schedule as proposed by the parties, with an initial phase of discovery and dispositive motions limited to the following subjects: "1) whether plaintiff's lawsuit was timely filed pursuant to Title VII and/or 2) whether plaintiff has made fraudulent representation(s) to the court in order to avoid the dismissal of the lawsuit as untimely." (Case Management Order (DE 63) at 2).

On February 21, 2020, the court entered a protective order, determining that plaintiff made discovery requests, not withdrawn on request of defendants, in violation of the terms of the court's case management order. The court directed plaintiff to show cause why all reasonable expenses, including Atlas Box's attorneys' fees pertaining to the requests, should not be awarded. Upon plaintiff's response, including in light of plaintiff's pro se status, the court declined to award attorneys fees, with warning that "future conduct in violation of the court's case management order . . . and protective order may result in sanctions, including attorney's fees." (March 3, 2020, text order).

Defendants filed the instant motions for summary judgment on April 2, 2020, arguing that plaintiff's action should be dismissed because it was not timely filed, and because plaintiff has attempted to perpetuate fraud on the court. In support of the motions, defendants rely upon 1) declarations by counsel, attaching correspondence between counsel and plaintiff; 2) plaintiff's deposition excerpts and exhibits; 3) and plaintiff's responses to discovery requests. Plaintiff filed responses in opposition to the instant motions on April 20, 2020.

That same date, plaintiff filed the instant motions for summary judgment relying upon statements of fact and his own declaration. Defendant Atlas Box responded in opposition thereto, arguing that plaintiff's motion should be denied/dismissed because it was filed out of time, and requesting an award of expenses incurred. Defendant Atlas Box relies upon an additional declaration of counsel, in addition to exhibits supporting its own motion for summary judgment.

**COURT'S DISCUSSION**

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry

6

Case 5:18-cv-00520-FL   Document 93   Filed 08/10/20   Page 6 of 15

of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

   1.  Time bar

Defendants argue that plaintiff's action must be dismissed as time barred. Title VII provides a time limit for suits brought by persons aggrieved by discriminatory adverse employment actions: "within ninety days after the giving of [notice of rights to sue,] a civil action may be brought against the respondent" named in an EEOC charge. 42 U.S.C. § 2000e-5(f)(1).

A claim is time barred if the complaint is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95. Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393); see Irwin, 498 U.S. at 95-96.

In this case, there is no genuine issue of fact that plaintiff received the EEOC notices, at the latest, on August 8, 2018. (See Pl's Dep. (DE 78) at 2-3). Thus, the deadline to file a complaint based thereon was 90 days thereafter, on November 6, 2018. Plaintiff, however, did not file a complaint on or before November 6, 2018. Instead, he filed a motion for leave to proceed in forma pauperis on November 1, 2018. Plaintiff did not pay his filing fee until December 13, 2018, triggering the filing of the complaint on December 17, 2019, over 40 days out of time. Therefore, his complaint was untimely filed.

Nevertheless, "[t]he fact that [plaintiff] did not strictly comply with [Title VII's] filing deadline does not, however, end [the court's] inquiry." Irwin, 498 U.S. at 93. "[D]istrict courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an

8

equitable tolling of the filing period." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987).

"Federal courts have typically extended equitable relief only sparingly." Irwin, 498 U.S. at 96. Courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id.

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotations omitted). "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. (quotations omitted). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit." Id. (quotations omitted).

Equitable tolling is not warranted under the circumstances of this case for two independent reasons. First, plaintiff's own untruthful conduct in this litigation precludes resort to equity in his favor. Second, plaintiff has not demonstrated an exercise of due diligence or extraordinary circumstances beyond his control satisfying the high bar for equitable tolling. The court will address each reason in turn below.

a. Plaintiff's Disregard of Duties of Candor and Respect for Court Orders

"The guiding doctrine in this case is the equitable maxim that 'he who comes into equity must come with clean hands.'" Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945). "This maxim . . . is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." Id. "That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith." Id.

In this case, plaintiff has acted in bad faith by disregarding a duty of candor to the tribunal, and by his disregard of the court's orders. First, plaintiff asserted incorrectly in his proposed complaints attached to his in forma pauperis motions that he received the EEOC notices on August 23, 2018. While plaintiff states in his discovery response that he "meant to write August 03, 2018 but wrote August 23, 2010 [sic] by mistake," (DE 79-3 at 1), plaintiff did not correct this misrepresentation, either after defendant raised the implausibility of this date in its motion to dismiss, nor after the court identified the importance of the date of receipt in its order denying defendants' motion to dismiss.

Second, plaintiff asserted incorrectly in moving for an extension of time to pay his filing fee that he did not receive the M&R until November 15, 2018, whereas he stated in discovery response "it was filed November 8, 2018, so I may have received 2 postage day or later, I don't know exactly when I received it." (DE 79-3 at 2). Third, plaintiff disregarded the court's case management order in propounding discovery contrary to its terms, and in failing to withdraw the same upon defendants' request. Finally, plaintiff disregarded the court's case management order

10

by filing his summary judgment motions out of time, and again failed to withdraw the same upon defendants' request.

The combination of the foregoing conduct demonstrates a disregard of duty of candor to the court and respect for the terms of the court's orders. The lack of candor is especially problematic, where plaintiff misrepresented the date of receipt of the EEOC notices, where that date is critical to the running of the statute of limitations, and where the court was required to accept as true upon motion to dismiss allegations made in the complaint. In finding a lack of good faith in this instance, the court also is mindful that plaintiff filed five prior cases in this district before the instant case, and is thus not a stranger to litigation practice. (See, e.g., 5:05-CV-814-D; 5:08-CV-66-BO; 5:10-CV-216-BO; 5:10-CV-217-BO; 5:13-CV-41-F). Indeed, in the last two prior filed cases, the court denied plaintiff's motion for leave to proceed in forma pauperis also on the basis that plaintiff failed to demonstrate in forma pauperis status, giving plaintiff ample notice that the same pathway to court based on similar financial allegations would not be fruitful. (See 5:13-CV-41-F (DE 3 & 5); 5:10-CV-217-D (DE 3)).

Considering the totality of the circumstances of this case, where an exercise of an equitable remedy requires a litigant to come with "clean hands" untainted with "inequitableness or bad faith relative to the matter in which he seeks relief," Precision Instrument, 324 U.S. at 814, the court in its discretion finds a categorical bar to awarding plaintiff equitable relief in the form of tolling of the statutory limitations period. Accordingly, without equitable tolling, plaintiff's action is time barred and must be dismissed.[5]

---

[5] Where the court determines that plaintiff's action must be dismissed as time barred, the court does not reach defendants' additional argument that plaintiff's action must be dismissed as a sanction for perpetuating fraud on the court. The court addresses further below defendants' request for additional sanctions in the form of attorneys' fees.

b.  Lack of Due Diligence and Extraordinary Circumstances

In addition, and in the alternative, plaintiff has not demonstrated due diligence and extraordinary circumstances necessary for tolling of the limitations period.

First, with respect to due diligence, plaintiff has at key junctures waited rather than exercising the level of due diligence necessary for invocation of equitable tolling. For example, plaintiff waited 84 days, nearly to the conclusion of the 90 day limitation period, before even filing a motion for leave to proceed in forma pauperis. Then plaintiff waited till the last day for filing objections to the M&R to file a motion not disputing the M&R, but rather requesting more time to pay the filing fee. Then, when the court allowed plaintiff an extension to file the filing fee "on or before December 13, 2018," (Order (DE 6)), plaintiff waited again until the last day allowed for payment of the filing fee.

Second, plaintiff has not asserted that extraordinary circumstances prevented him from filing his complaint during the limitations period. He has not asserted, for example, that he "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96. He has not asserted that he exercised all due diligence in preserving his rights but was thwarted by circumstances beyond his control. Rouse, 339 F.3d at 246. Notably, plaintiff's declarations submitted in support of summary judgment are devoid of substantive content, and the discovery responses upon which he relies do not assert any extraordinary circumstances beyond his control as a basis for his lack of diligence and misconduct in this case. (See, e.g., Pl's Declarations (DE 84-1; 87-1); Discovery Responses (DE 74-3 at 7; 79-3 at 1-3)).

While the court previously recognized, on its own initiative, that courts in some circumstances have allowed equitable tolling during the time that a motion for leave to proceed in forma pauperis is pending, see, e.g., Truitt v. Cty. of Wayne, 148 F.3d 644, 648–49 (6th Cir. 1998),

tolling on that basis would only account for the time up to the court's order on November 29, 2018, or up to receipt of the same on December 3, 2018. With 84 days already passed by that point, the limitations period expired 6 days later on December 10, 2018. The court has not identified any precedent for tolling the limitations period during the time that the court extended the time for paying the filing fee "on or before" a particular date, as here. (See Order (DE 6) at 2).

In any event, while equitable tolling in some circumstances may be allowed during the time that a motion for leave to proceed in forma pauperis is pending, and while it is conceivable that equitable tolling may in some circumstances be allowed during the time that the court extends the time to pay the filing fee, tolling under the circumstances of this case is not warranted. For all the reasons set forth in section B.1.a., above, plaintiff has not demonstrated that this is one of "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246. In making this determination, the court is again mindful of plaintiff's prior litigation experience in this court, having previously had a motion for leave to proceed in forma pauperis denied with direction to pay the filing fee. Allowing equitable tolling in every instance in which an in forma pauperis application is filed would give a repeat litigant an automatic pass to extend the 90 day statutory deadline in every case. Case law describing proper application of equitable tolling does not support such an approach. See, e.g., Rouse, 339 F.3d at 246 ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

In sum, equitable tolling is not available to plaintiff in light of his disregard of the duties of candor to the court and respect for the terms of the court's orders. In addition, equitable tolling

is not appropriate under the circumstances where plaintiff has not acted with due diligence and plaintiff has not asserted extraordinary circumstances justifying application of equitable tolling. Therefore, defendants' motions must be granted, plaintiffs' motions must be denied, and plaintiff's action must be dismissed as time barred.

    2.    Additional Sanctions

Defendants seek additional sanctions, beyond dismissal of the action, in the form of a payment by plaintiff of defendants' expenses, including attorneys' fees, incurred in briefing their motions for summary judgment and in responding to plaintiff's motions for summary judgment.

The court recognizes its authority, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), and pursuant to the court's inherent authority, to award expenses, including attorneys' fees, as a sanction for a party's failure to comply with a court order or disregard of a duty of candor to the court. See Fed. R. Civ. P. 37(b)(2)(C); United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). For example, under Rule 37(b)(2)(C), the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, cause by [a failure to comply with court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, for the reasons set forth above at section B.1.a. of this order, the court finds no substantial justification for plaintiff's failure to comply with the orders of the court or lack of candor to the court. Nevertheless, under the unique circumstances of this case, where plaintiff's action now must be dismissed as time barred, and where the court already has taken into account plaintiff's bad faith, in part, in declining to allow equitable tolling, the court finds that an additional award of expenses would be unjust. While the court has considered the expansion of litigation activities caused by plaintiff's conduct, as well as plaintiff's prior litigation in this district, the

14

court finds an award of attorney's fees coupled with dismissal of the action is not warranted, in light of plaintiff's pro se status, his payment of the filing fee in this matter, and the nature and degree of the misconduct.

Accordingly, defendants' request for additional sanctions, including attorneys' fees, must be denied.

## CONCLUSION

Based on the foregoing, defendants' motions for summary judgment (DE 69, 73) are GRANTED, and plaintiff's motions for summary judgment (DE 82, 85) are DENIED. Plaintiff's action is DISMISSED as time barred.

SO ORDERED, this the 10th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge